MEMORANDUM *
Petitioners challenge aspects of EPA’s approval of revisions to California’s state implementation plan for the Los Angeles-South Coast Air Basin, including an attainment demonstration for the revoked one-hour national ambient air quality standard for ozone. Approval and Promulgation of Implementation Plans for South Coast, 79 Fed. Reg. 52526 (Sept. 3, 2014). We deny the petition.
Under the Clean Air Act, challenges to certain EPA actions must be filed no later than sixty days from the date that notice •of the action appears in the Federal Register. 42 U.S.C. § 7607(b)(1). EPA required California to submit the instant state implementation plan revisions to correct inadequate compliance with California’s obligation to adopt and implement a plan providing for attainment of the one-hour ozone standard. See Finding of Substantial Inadequacy of Implementation Plan and Call for California State Implementation Plan Revision for South Coast, 78 Fed. Reg. 889 (Jan. 7, 2013). That action, unchallenged by Petitioners, was expressly undertaken pursuant to 42 U.S.C. § 7410(k)(5), not 42 U.S.C. § 7509(c). 78 Fed. Reg. 893. Petitioners’ attempt to argue that the approved attainment deadline should have been adjusted under 42 U.S.C. § 7509(d) is therefore untimely and we deny this portion of the petition.
Petitioners’ remaining challenges are timely and we have jurisdiction under 42 U.S.C. § 7607(b)(1). We review EPA’s interpretation of the Clean Air Act by applying the framework from Chevron, U.S.A., Inc. v. NRDC, Inc., 467 U.S. 837, 842-43, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984). Comm. for a Better Arvin v. EPA, 786 F.3d 1169, 1175 (9th Cir. 2015). Petitioners’ challenge to the approved attainment demonstration’s inclusion of new technology measures fails. Congress did not speak to the precise meaning of “applicable dates” in 42 U.S.C. § 7511a(e)(5)(B), and EPA has reasonably resolved that “applicable dates” includes dates validly adjusted pursuant to 42 U.S.C. § 7410(k)(5).
Petitioners also argue that the tonnage commitments included in the approved attainment demonstration are unenforceable and therefore contrary to law. This Court recently found materially identical commitments to be enforceable when reviewing EPA’s approval of California’s state implementation plan for the San Joaquin Valley for compliance with the national eight-hour ozone standard. Comm, for a Better Arvin, 786 F.3d at 1179-80. We are not convinced by Petitioners’ attempt to distinguish that ease. Title 42 U.S.C. § 7410(i) continues to apply to the one-hour ozone standard, regardless of the revocation of that standard, by virtue of the statutory anti-backsliding obligations which remain. See 42 U.S.C. § 7410(0 (“The Administrator shall not approve a revision of a plan if the plan would interfere with any ... applicable requirement of this chapter.”); S. Coast Air Quality *608 Mgmt. Dist. v. EPA, 472 F.3d 882, 899 (D.C. Cir. 2006) (holding that “the anti-backsliding limitations” remain as requirements applicable to the one-hour ozone standard).
EENIED.

 This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.